In the Matter of the Appeal of WILLIAM F. DURLAND, Commissioner of Public Welfare of Orange County, from the Decision of DAVID C. ADIE, State Commissioner of Public Welfare, in the Matter of the Settlement of JAMES HORRIGAN.*

TOWN OF HIGHLANDS, Petitioner, Appellant, and TOWN OF HIGHLAND FALLS, Petitioner, v. DAVID C. ADIE, as State Commissioner of Public Welfare, MILTON E. SWITZER, Commissioner of Public Welfare of the County of Niagara, CITY OF NIAGARA FALLS and COUNTY OF NIAGARA, Respondents.

Third Department, October 31, 1940.

* Affg. 172 Misc. 960.

*Ivan E. Maginn* [*Frederick C. Scheel* with him on the brief], for the appellant.

*John J. Bennett, Jr., Attorney-General,* and *Henry Epstein, Solicitor-General* [*Nathaniel Fensterstock* and *Clarence M. Maloney, Assistant Attorneys-General,* of counsel], for the respondent David C. Adie.

*Robert L. Rice, Jr.,* for the respondents M. E. Switzer and County of Niagara.

*J. William O'Brien,* for the respondent City of Niagara Falls.

BLISS, J.  This is a proceeding under section 58 of the Public Welfare Law.  James Horrigan, a resident of the town of Highlands, Orange county, obtained a settlement under the Public Welfare Law in that town by receiving public relief from the town in September, 1931, after having been a resident and inhabitant of the town for one year prior thereto without receiving public relief or care.

On September 30, 1931, he and his family moved to the city of Niagara Falls.  The town board of Highlands authorized the payment of the transportation of the family and the purchase of clothing for the journey.  Shortly after arriving in Niagara Falls, Horrigan applied for and was granted relief and he and his family have been receiving relief continuously from that city since that time.  Previous to his residence in the town of Highlands, Horrigan had lived in Niagara Falls, and on his application for relief in that city in 1931 he falsely stated that he had resided in Niagara Falls twenty-two years and that his legal home was in that city.  The city public welfare officials did not discover that Horrigan's statements as to residence were false and that he had a settlement in the town of Highlands until the year 1939.  On March first of that year the commissioner of public welfare of Niagara county sent a written notification under section 58 of the Public Welfare Law to the county commissioner of Orange county that Horrigan was receiving public assistance in Niagara county and that he appeared to have a settlement in the town of Highlands, Orange county.  On March 20, 1939, the commissioner of public welfare of Orange county denied the settlement in the town of Highlands. The matter was then referred to the State Department of Socali Welfare and on September 8, 1939, the State Commissioner of Social Welfare decided that Horrigan's settlement was in the town of Highlands and that Niagara county was entitled to reimbursement for the expense of the care of Horrigan, and the members of his family who had not gained a separate settlement for a period beginning thirty days prior to the giving of notice on March 1, 1939.  In a subsequent proceeding in the Supreme Court a reversal of the decision of the State Commissioner of Social Welfare was

sought, but denied, and it is that order which is now here for review.

Our determination hinges upon the construction to be placed upon the portion of subdivision 1 of section 58 of the Public Welfare Law which reads as follows: " When a person alleged to have a settlement elsewhere in the State is in need of relief and care, the commissioner of the public welfare district where such person is found shall provide the relief and care necessary, but shall, as soon as possible, and not later than thirty days after the application for relief and care for such person, send a written notification of the facts of the case to the commissioner of the public welfare district in which such person is alleged to have a settlement." It is the contention of the appealing town of Highlands that the application for relief mentioned in the above-quoted statutory provision means the original application for relief made by Horrigan back in September, 1931, shortly after his arrival in Niagara Falls. The respondents contend that on each occasion when relief is granted a new application is made and that the commissioner of the public welfare district granting the same may within thirty days thereafter give the written notification referred to in the statute. This latter interpretation appears to be the more nearly in accord with the legislative intent, and the statute as a whole. The other construction would leave the way open for serious abuse and fraud and in many instances work out serious injustice.

The latter case would be the case here. Section 1650 of the Penal Law specifically forbids the sending or removing of any poor or indigent person from one municipality to another for the purpose of avoiding the charge of such poor person upon the municipality from which he is sent. Nevertheless the appellant here did that very thing. Also, upon his original application for relief made to the city of Niagara Falls in 1931, Horrigan falsely stated his residence and the welfare authorities of that city did not discover the true facts until several years later. The thirty-day limitation created by section 58 of the Public Welfare Law was not intended to be so strictly construed as to include such a situation as this. In fact, the public welfare district to which application is made must surely have an opportunity each time relief is applied for to make such new or further investigation as is necessary to ascertain the true facts with relation to the applicant's settlement.

We held nothing to the contrary in *Williams* v. *County of Niagara* (249 App. Div. 904).

The order appealed from should be affirmed, with fifty dollars costs and disbursements.

HILL, P. J., CRAPSER, SCHENCK and FOSTER, JJ., concur.

Order affirmed, with fifty dollars costs and disbursements.